IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

STEWART TITLE GUARANTY COMPANY,
a Texas Corporation,

    Plaintiff,

v.

MICHAEL ATTMAN and KORI
ATTMAN,

    Defendants.

          Case No. 18-cv-1573

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Stewart Title Guaranty Company ("STGC"), sues Defendants, Michael Attman and Kori Attman ("the Attmans"), and alleges:

### The Parties, Jurisdiction and Venue

1. This is an action for declaratory relief with an amount in controversy in excess of $75,000, exclusive of interest, costs, and fees, which exceeds the sum or value specified by 28 U.S.C. § 1332. This Court has authority to enter a declaratory judgment through the remedy created pursuant to 28 U.S.C. § 2201.

2. STGC requests that the Court declare that it has no further liability to its insured under a title insurance policy, because the Attmans, insureds under a policy with STGC, have failed to cooperate with counsel retained to cure a title defect, as required by the policy, and that failure has materially prejudiced STGC.

3. The parties are diverse because STGC is a corporation incorporated under the laws of Texas with its principal place of business in Texas which is authorized to transact and is

transacting business in the District of Columbia. The Attmans are individuals residing in the District of Columbia.

4. Venue is proper in this Court because the title insurance policy was issued in the this District, and the property insured is located in this District.

**Background Facts**

5. On October 16, 2015, the Attmans purchased a townhouse-style residence ("the Attman Property") that is part of a larger building ("the Building"). The remainder of the Building contains six separate condominium units ("the Condo Units").

6. The entire Building sits at the intersection of Rhode Island Avenue, Northwest; S Street Northwest; and New Jersey Avenue. The building occupies two lots known as Lot 9 and Lot 10.

7. The Attman Property sits primarily on Lot 10. But sometime shortly before or after their purchase, the Attmans discovered that a defective survey and an ambiguous legal description had resulted in the Attman Property being described as including a small strip of Lot 9, where the Attman Property and the Condo Units come together.

8. In connection with the Attmans' purchase of the Attman Property, Residential Title & Escrow Company ("Residential"), issued an STGC owner's policy of title insurance number O-9240-000749855 ("the Policy"). The Policy is attached as **Exhibit A**.

9. On April 18, 2017, STGC received from Michael Attman the claim letter to STGC, asserting a claim under the Policy on various bases ("the Initial Claim"). The Initial Claim is attached as **Exhibit B**. The gist of the initial claim was that the deed the Attmans received had an ambiguous legal description, in that it described the Attman Property as "Lot 10," but also contains this annotation: "Note: At the date hereof the above described property is

designated for assessment and taxation purposes as Lot 813 in Square N0508. The improvements thereon being known as 432 S Street, NW."

10. The Attmans contended that "assessment and taxation Lot 813 is composed of all of Lot 10 and a portion of Lot 9." They asserted that the legal description "is ambiguous as it states assessment and taxation Lot 813 and Lot 10 is being conveyed, but fails to mention that part of Lot 9 is also being conveyed."

11. The Attmans also asserted claims based on missing signatures and other discrepancies in their own deed and in the release of a prior mortgage, and claims based on permitting issues they believed had been improperly handled before their purchase.

12. After a detailed investigation of the Initial Claim, on August 17, 2017, STGC responded to the Initial Claim with the letter attached as **Exhibit C** (the "Initial Coverage Determination"). The Initial Coverage Determination stated that STGC had conducted curative work by confirming the release of certain liens, obtaining a new Certificate of Satisfaction for the mortgage that had purportedly been ineffectively released. With respect to the main claim, that the legal description of the Attman Property was ambiguous, STGC advised the Attmans that it had retained attorney Mark Schweitzer ("Retained Counsel") to represent the Attmans "and take the necessary steps to protect your interest by filing an action or obtaining corrective or confirmatory documents to remove any ambiguity in the description of the land…" STGC made clear that the retention was limited to this matter, and that by retaining Mark Schweitzer, STGC did not give up any rights under the Policy. The Initial Coverage Determination also identified the portions of the Initial Claim that were not covered by the Policy, and explained in detail the basis for the determination of no coverage.

13. Retained Counsel consulted with the Attmans, reviewed the necessary documents, and prepared a complaint designed to cure any ambiguity in the legal description. When

Retained Counsel requested that the Attmans review the complaint and grant their approval to file it, they refused.

14. The Attmans then wrote a second claim to STGC ("the Revised Claim"). The Revised Claim is attached as **Exhibit D**. STGC received the Revised Claim on September 28, 2017. In the Revised Claim, the Attmans completely changed their position on the nature of the asserted defect in title, and requested that STGC assign Retained Counsel an entirely different task that would cure title in their new view. The Attmans contended that the title commitment they had been issued before their purchase described their land as "Lots 9 and 10…The improvements thereon being known at [sic] 432 S Street Northwest." The Attmans now demanded that STGC "uphold[] its commitment set forth within our contract to assert ownership to all of **Lots 9 and 10**."

15. The position the Attmans took in the Revised Claim that they were entitled to ownership of the entire Building, including the Condominium Units, was completely at odds with the position they took in the Initial Claim. In the Initial Claim, the Attmans plainly conceded that their "residence is a dedicated and demised separate space within a larger existing building. This was a 2015 redevelopment of an existing building separating this residence as well as six additional dwelling units at the indicated location. The residence in question is located within the same structure as the six separate dwelling units separated by a common wall with a parapet wall extension on the roof. Subsequent to the construction, this residence was separately deeded as a single-family residence but it remains adjacent to and within the original building." The Initial Claim also stated that the Attmans "purchased their property as a fee simple single family home."

16. After additional investigation of the underlying facts, on October 13, 2017, STGC wrote the Attmans the letter attached as **Exhibit E** ("the Second Coverage Determination").

4

STGC explained that, after reviewing the sales contract and other documents, it was clear that the Attmans had contracted to purchase only the townhouse-style residence known as 432 S Street Northwest, and that "there is no indication that the purchase was intended to include the neighboring six condominium units located on Lot 9." The Second Coverage Determination explained in detail why the Policy did not cover the contentions asserted in the Revised Claim, and respectfully denied that claim, leaving the scope of Retained Counsel's task unchanged. The Second Coverage Determination also reminded the Attmans that failure to cooperate with Retained Counsel was grounds for ending or reducing coverage.

17. Retained Counsel's action on the Attmans' behalf, if successful, would have entirely cured any defects in the legal description that formed the basis of the Initial Claim.

18. Nevertheless, since that time, the Attmans have continued to refuse all cooperation to Retained Counsel and have not authorized the filing of the complaint on their behalf. This violates their obligations under the Policy, and relieves STGC from further liability thereunder.

19. Also since that time, the Attmans have engaged in an energetic campaign to get STGC to change its coverage determination. Michael Attman has written numerous lengthy letters and emails re-pleading his claims, and directed this correspondence not just to the STGC claims counsel handling his claim, but to each of their supervisors, up to and including STGC's General Counsel. The Attmans have accused STGC of making its coverage determination in bad faith, and have threatened suit against STGC.

20. In addition, the Attmans complained to the Department of Insurance about the handling of their claim, triggering an inquiry to which STGC has been forced to respond.

21. The Attmans' refusal to cooperate with Retained Counsel has prejudiced STGC by forcing it to spend more on Retained Counsel's fees, and by delaying and preventing the

successful resolution of the allege title defect, which would satisfy STGC's obligations under the Policy.

22. STGC was forced to retain the undersigned counsel to represent it in connection with this matter, and is obligated to pay a reasonable attorneys' fee for the services rendered.

23. All conditions precedent to this action have been satisfied, have occurred, or have been waived.

**Declaratory Relief**

24. STGC re-alleges paragraphs 1 through 23.

25. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

26. STGC believes that the Attmans must fully cooperate with Retained Counsel, or STGC's obligations under the Policy will have been discharged, as the Policy clearly provides.

27. There is a bona fide, actual, present, practical need for a declaration of STGC's rights and obligations under the Policy.

28. STGC's rights and obligations under the Policy depend upon the application of the law to the facts.

29. STGC and the Attmans have an actual, present, adverse, and antagonistic interest regarding the Policy. All of these interests are before the Court in this action.

30. STGC seeks relief not out of curiosity or for legal advice, but to resolve a present controversy regarding STGC's obligations under the Policy.

WHEREFORE, STGC requests that this Court enter a judgment declaring (1) that STGC's obligations with respect to the boundary line dispute under the Policy have been extinguished as a result of the Attmans' refusal to cooperate with Retained Counsel, or, in the alternative, (2) that STGC has no obligation to obtain for the Attmans any land beyond Lot 813

(the land shown on the survey commissioned by STGC), and awarding attorney fees and such other relief as this Court deems proper.

Respectfully submitted this 3rd day of July, 2018.

**CARLTON FIELDS JORDEN BURT, P.A.**

/s/ Dawn B. Williams
Dawn B. Williams
D.C. Bar No. 498072
1025 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: (202) 965-8100
Fax: (202) 965-8104
Email: dwilliams@carltonfields.com

*Counsel for Stewart Title Guaranty Company*